UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANKO ZECEVIC and | ) | CASE NO. 21-04554 |
| SONJA ZECEVIC, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. _____ |
| BRANKO ZECEVIC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

SERVE:   7700 Forest Hill Road
Burr Ridge, Illinois 60527

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

The plaintiff in this action, NextGear Capital, Inc. ("NextGear Capital"), by counsel, pursuant to the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(b); and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, requests that the Court determine certain obligations of Branko Zecevic ("Defendant") to NextGear Capital to be nondischargeable. In support of its Complaint, NextGear Capital states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On April 6, 2021 (the "Petition Date"), Defendant filed in the Northern District of Illinois a joint Petition for Relief under Chapter 7 of the United States Bankruptcy Code in Case No. 21-04554.

2. Defendant listed his physical address in a written filing with this Court as 7700

Forest Hill Road, Burr Ridge, Illinois 60527. Defendant was represented in the filing of the Petition for Relief by Richard Grossman, whose business mailing address is 211 West Wacker Drive, Suite 710, Chicago, Illinois 60606.

3. NextGear Capital is a Delaware corporation doing business in Illinois and is a creditor of Defendant in his underlying bankruptcy case.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

5. At all times relevant herein, Defendant was the president and sole owner of X Motorsport Inc. d/b/a X Motorsport ("Dealer"), an Illinois corporation that is or was doing business at 100 East North Avenue A, Villa Park, Illinois 60181.

6. At all times relevant herein, Defendant was actively involved in the day-to-day business operations of Dealer and had primary authority over Dealer's used vehicle sales operations, including obtaining and monitoring the sales of Dealer's inventory.

7. On or about August 20, 2013, Dealer and NextGear Capital entered into a Demand Promissory Note and Loan and Security Agreement (the "Note"). A true and accurate copy of the Note, including all subsequent amendments thereto, is attached hereto and incorporated herein as Exhibit A.

8. Defendant was aware of the Note, as he executed the Note in his position as president of Dealer, as well as all subsequent amendments to the Note. The amendments to the Note are included in Exhibit A.

9. Under the terms of the Note, NextGear Capital granted Dealer a Credit Line in the amount of Two Million, Five Hundred Thousand and 00/100 Dollars ($2,500,000.00), for the

purpose of financing inventory for Dealer's used car lot. Through the amendments to the Note, the Credit Line was subsequently increased to Three Million, Five Hundred Thousand and 00/100 Dollars ($3,500,000.00), then to Four Million and 00/100 Dollars ($4,000,000.00), and then finally to Six Million and 00/100 Dollars ($6,000,000.00).

10. Under the terms of the Note, Dealer granted NextGear Capital a security interest in

> All of [Dealer]'s assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in Borrower's Reserve held by or on behalf of [NextGear], if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and inventive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [Dealer]; all cash reserves; all of [Dealer]'s books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of [Dealer] in electronic or digital form); and all additions, accessions, accessories replacements, substitutions, and proceeds of any of the foregoing.

(the "Collateral").

11. NextGear Capital's security interest in the Collateral is perfected by virtue of a UCC Financing Statement (the "Financing Statement") filed by NextGear Capital with the Illinois Secretary of State.

12. As a condition of extending credit to Dealer, NextGear Capital required Defendant and co-debtor Sonja Zecevic to execute Individual Personal Guaranties (the "Guaranties") in favor of NextGear Capital, whereby Defendant and Sonja Zecevic each personally guaranteed prompt and full payment to NextGear Capital of all obligations of Dealer pursuant to the Note. True and accurate copies of the Guaranties are attached hereto and incorporated herein as Exhibit B and Exhibit C, respectively.

## COUNT I—FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY
## (11 U.S.C. § 523(a)(4))

13. NextGear Capital realleges and incorporates by reference the allegations of paragraphs 1 through 12, the same as if set forth verbatim herein.

14. Between August 20, 2013, and September 14, 2016, NextGear Capital advanced funds (the "Advances") to Dealer and to certain third parties on Dealer's behalf, at Defendant's request, in order to finance certain of Dealer's inventory pursuant to the terms of the Note.

15. The vehicles financed with the Advances constituted Collateral under the Note.

16. The Advances were not repaid as agreed, and NextGear Capital declared the Note to be in default on or about September 26, 2016.

17. Plaintiff has not recovered twenty-five (25) of the ninety-seven (97) floor planned vehicles which had an outstanding balance as of the Petition Date, and there are currently no floor planned vehicles remaining in Dealer's inventory or possession. A list of the twenty-five (25) missing vehicles (the "SOT Vehicles"), including each vehicle's year, make, model, Vehicle Identification Number, the amount originally advanced to Dealer, and the principal balance remaining on each vehicle, is attached hereto and incorporated herein as Exhibit D.

18. Upon information and belief, Dealer and Defendant sold all of the SOT Vehicles.

19. Upon information and belief, Dealer and Defendant have received full payment from the purchasers of the SOT Vehicles.

20. As of the Petition Date, the remaining principal balance owed on the SOT Vehicles, exclusive of all interest and fees, is One Million, Eight Hundred and 36/100 Dollars ($1,000,800.36).

21. Pursuant to Sections 4(f) and 5(o) of the Note (the "Trust Provisions"), all

amounts received from the sales of any item of Inventory ("Sale Proceeds") were required to be held in trust for the sole benefit of NextGear Capital and were to be remitted promptly to NextGear Capital within twenty-four (24) hours of Dealer's receipt of the Sales Proceeds

22. Dealer and Defendant have not paid NextGear Capital the balances remaining on the SOT Vehicles.

23. Defendant was the sole individual at Dealer who controlled the proceeds from the sales of the SOT Vehicles (the "Sale Proceeds").

24. Defendant was aware of the terms of Dealer's secured line of credit with NextGear Capital, as those terms were spelled out in the Note, which Defendant executed in his capacity as president of Dealer.

25. Defendant, as Dealer's sole owner, and having knowledge of the Note, had a fiduciary duty to hold the Sale Proceeds in trust for the benefit of NextGear Capital and to remit the Sale Proceeds to NextGear within twenty-four (24) hours of receipt.

26. Defendant breached his fiduciary duty by intentionally failing to deliver the Sale Proceeds of the SOT Vehicles to NextGear Capital, instead converting those Sale Proceeds for other purposes.

27. On August 29, 2019, NextGear Capital filed a complaint (the "State Court Complaint") against Dealer and Defendant in the Hamilton County, Indiana, Superior Court under Cause Number 29D03-1908-PL-008144 (the "State Court Case"), alleging causes of action for breach of contract, breach of guaranty, and civil conversion of the Sale Proceeds from the SOT Vehicles. A true and accurate copy of the State Court Complaint, with the referenced exhibits omitted solely to avoid duplication here, is attached hereto and incorporated herein as <u>Exhibit E</u>.

28. On October 22, 2019, NextGear Capital obtained a judgment for breach of guaranty and civil conversion against Defendant in the State Court Case (the "Judgment"), with damages awarded in NextGear Capital's favor in the amount of $1,975,329.17, of which $1,000,800.36 constituted NextGear Capital's actual damages on the civil conversion count. A true and accurate copy of the Judgment is attached hereto and incorporated herein as Exhibit F.

29. As shown by the Judgment, Defendant is liable to NextGear Capital for fraud or defalcation in a fiduciary capacity, embezzlement, or larceny, and the sum of One Million, Eight Hundred and 36/100 Dollars ($1,000,800.36) is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(4) as NextGear Capital's actual damages relating to the Defendant's actions.

**COUNT II—MONEY OBTAINED THROUGH FALSE PRETENSES,
A FALSE REPRESENTATION, OR ACTUAL FRAUD
(11 U.S.C. § 523(a)(2)(A))**

30. NextGear Capital realleges and incorporates by reference the allegations contained in paragraphs 1 through 29, the same as if repeated verbatim herein.

31. Defendant engaged in a pattern of conduct intended to defraud NextGear Capital through which he directly obtained no less than Forty Thousand, Eight Hundred Seventy-Five and 00/100 Dollars ($40,875.00) from NextGear Capital through false pretenses, false representations, or actual fraud.

32. On July 11, 2016, Dealer sold a 2012 BMW X6, Vehicle Identification Number 5YMGZ0C5XCLK14614 (the "BMW"). A true and accurate copy of the bill of sale for the BMW, redacted to conceal the personal information of the purchaser of the BMW, is attached hereto and incorporated herein as Exhibit G.

33. On July 19, 2016, over a week after the sale of the BMW, Defendant, acting on

behalf of Dealer, requested floor plan financing from NextGear Capital for the BMW, even though Defendant knew the BMW had already been sold.

34. Defendant concealed the prior sale of the BMW from NextGear Capital when he requested floor plan financing from NextGear Capital for the BMW.

35. NextGear Capital, unaware of the July 11, 2016 sale of the BMW, and in reliance on Defendant's representation that the BMW was part of Dealer's inventory, advanced Dealer the sum of Forty Thousand, Eight Hundred Seventy-Five and 00/100 Dollars ($40,875.00) for the BMW on July 19, 2016 (the "Fraudulently-Obtained Advance").

36. No payments have been made on the Fraudulently-Obtained Advance, and the sum of Forty Thousand, Eight Hundred Seventy-Five and 00/100 Dollars ($40,875.00), exclusive of all interest and fees, remains unpaid.

37. Through the Fraudulently-Obtained Advance, Defendant now owes NextGear Capital a debt for money that was obtained from NextGear Capital by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

38. Defendant's debt to NextGear Capital which relates to the Fraudulently-Obtained Advance—the unpaid principal balance of Forty Thousand, Eight Hundred Seventy-Five and 00/100 Dollars ($40,875.00), exclusive of all interest and fees—therefore constitutes a nondischargeable debt of Defendant to NextGear Capital, as NextGear Capital's actual damages relating to Defendant's actions.

**COUNT III—ADDITIONAL EXTENSIONS OF CREDIT OBTAINED THROUGH FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD (11 U.S.C. § 523(a)(2)(A))**

39. NextGear Capital realleges and incorporates by reference the allegations of

paragraphs 1 through 38, the same as if set forth verbatim herein.

40. In addition to the fraud relating to the financing of the BMW, Defendant also obtained additional extensions of credit from NextGear Capital through false pretenses, a false representation, or actual fraud.

41. Specifically, had NextGear Capital been aware on July 19, 2016, that Dealer had already sold the BMW when Defendant requested floor plan financing for that vehicle, NextGear Capital would not have advanced money to Dealer for the purpose of financing the BMW for Dealer's inventory.

42. Furthermore, had NextGear Capital been aware on July 19, 2016, that Defendant was requesting floor plan financing for a vehicle that Dealer had already sold, NextGear Capital immediately would have locked Dealer's account and would not have loaned any more money to Dealer.

43. Instead, between July 19, 2016, and September 14, 2016, unaware that Defendant was defrauding NextGear Capital by requesting floor plan financing for vehicles that Dealer had already sold, NextGear Capital advanced an additional Two Million, Two Hundred Thirty-Nine Thousand, Two Hundred Forty and 59/100 Dollars ($2,239,240.59) (the "Additional Advances") to Dealer in order to finance forty-nine (49) more vehicles, including the BMW, for Dealer's inventory.

44. As of Petition Date, a principal balance of Seven Hundred Ninety-Four Thousand, Eight Hundred Ninety-Nine and 49/100 Dollars ($794,899.49) remains unpaid on the Additional Advances, exclusive of all interest and fees.

45. Defendant actively and continuously deceived NextGear Capital in order to induce NextGear Capital to make the Additional Advances to Dealer, and Defendant directly

benefited from the Additional Advances.

46. Defendant's fraud directly resulted in losses to NextGear Capital through the unpaid Additional Advances.

47. Defendant owes NextGear Capital a debt for money, property, or extensions of credit obtained from NextGear Capital by false pretenses, a false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

48. Defendant's debt to NextGear Capital which relates to the unpaid Additional Advances, in the amount of Seven Hundred Ninety-Four Thousand, Eight Hundred Ninety-Nine and 49/100 Dollars ($794,899.49), therefore constitutes a nondischargeable debt of Defendant to NextGear Capital, as NextGear Capital's actual damages relating to Defendant's actions.

## COUNT IV—WILLFUL AND MALICIOUS INJURY
### (11 U.S.C. § 523(a)(6))

49. NextGear Capital realleges and incorporates by reference the allegations of paragraphs 1 through 48, the same as if set forth verbatim herein.

50. Defendant's conduct described above rises to the level of intentional monetary injury to NextGear Capital.

51. Defendant willfully and intentionally determined how the Sale Proceeds from the SOT Vehicles would be used.

52. At the time Defendant received the Sale Proceeds from the SOT Vehicles, and at the time he requested both the Fraudulently-Obtained Advances and the Additional Advances, Defendant knew that he and Dealer were both in financial distress.

53. Defendant knew that his misappropriation of the Sale Proceeds was substantially certain to harm NextGear Capital, as neither Dealer nor Defendant had any alternative source to

repay NextGear Capital for the converted Sale Proceeds.

54. Defendant is liable to NextGear Capital for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

55. The sum of One Million, Eight Hundred and 36/100 ($1,000,800.36) therefore constitutes a nondischargeable debt of Defendant to NextGear Capital, as NextGear Capital's actual damages relating to Defendant's actions.

WHEREFORE, plaintiff NextGear Capital respectfully requests that the Court enter judgment (i) declaring a portion of Defendant's debt to NextGear Capital, Inc. to be nondischargeable pursuant to one or more subsections of 11 U.S.C. Section 523(a); (ii) awarding NextGear Capital, Inc. judgment against Defendant in an amount not less than One Million, Eight Hundred and 36/100 ($1,000,800.36), plus post-judgment interest and costs of collection; and (iii) awarding NextGear Capital, Inc. such other and further relief as the Court may deem just and proper.

Respectfully submitted this 9th day of July, 2021.

**NEXTGEAR CAPITAL, INC.**

By: _/s/ Steven Anderson_
Steven E. Anderson (Atty No, 6292286)
THE LAW OFFICE OF STEVEN E. ANDERSON, P.C.
2949 N. Troy St.
Chicago, IL  60618-7614
312-450-3513 (office)
312-465-1554 (fax)
sea@seandersonlaw.com